The Honorable Gunner DeLay Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse 35 South 6th Street Fort Smith, Arkansas 72901
Dear Mr. DeLay:
I am writing in response to your request for an opinion on the meaning of certain language contained in the "Sex Offender Registration Act of 1997" in connection with a particular case that is currently pending in Sebastian County. Specifically, you state the following facts and pose the following question:
 This case is somewhat unusual and before it can proceed, there is an issue that must be resolved. On April 21, 1999 [the Defendant] was found Not Guilty of Sexual Abuse in the First Degree out of Crawford County Arkansas. At that time, an order was entered in Crawford County Circuit Court committing the Defendant to the custody of the Director of the Department of Human Services and sent to the Arkansas State Hospital. This order had provision for additional proceedings to be taken up in Little Rock. No further action was ever taken, and subsequently the Defendant was released pursuant to a Habeas action. After his release the Defendant registered as a sex offender pursuant to Act 989 of 1987 [sic 1997].[1] The Defendant has recently moved and failed to register. He has been arrested and charged with Failing *Page 2 
to Register as a Sex Offender. The Defendant contends he is not required to register pursuant to the following language of Act 989 of 1987 [sic 1997]:
 "a person who is committed following an acquittal on the grounds of mental disease or defect for a sexually violent offense, a sex offense, or an offense against a victim who is a minor, on or after the effective date of this act"
 The question thus becomes for purpose of this statute, what does the term "committed" mean in Act 989 of 1987 [sic 1997]. Secondarily to that question, does the original court order by Crawford County comply and satisfy this commitment language, or because the Defendant was released due to a Habeas Petition was he therefore never committed.
RESPONSE
I must decline to render an opinion on your question in light of this office's longstanding policy against the issuance of opinions on topics that are the subject of pending litigation. Your question pertains to a pending case. In recognition of the judiciary's independent constitutional role, it has long been the policy of the Attorney General, as an office in the executive branch of government, to refrain from rendering opinions on matters that are pending before the courts for determination. See, e.g., Op. Att'y Gen. Nos. 2007-191; 2007-039; 2006-204; 2006-198; 2003-182; 2002-302; 1999-389; 97-329; 95-179; 92-257; 90-114; and 86-181. Any opinion issued from my office would constitute executive comment on matters that are properly before a judicial body.
In addition, the Attorney General's office has consistently declined to issue opinions concerning the pursuit of criminal charges in deference to the prosecutor's independent discretion in such matters.See, e.g., Ops. Att'y Gen. 2007-180; 2006-086; and 95-230. Accordingly, I must respectfully decline to address your questions at this time.
In an effort to be helpful, however, I can point you to the recently-amended version of the statute to which your question apparently pertains. The statutory language you recite as that upon which the defendant relies, is found at former A.C.A. § 12-12-905 (Repl. 2003), and was originally adopted as a part of Section *Page 3 
4 of Act 989 of 1997. This original provision has been amended, however, by Acts 2006 (1st Ex. Sess.), § 2, to provide as follows:
 (a) The registration or registration verification requirements of this subchapter apply to a person who:
 (1) Is adjudicated guilty on or after August 1, 1997, of a sex offense, aggravated sex offense, or sexually violent offense;
 (2) Is serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt on or after August 1, 1997, for a sex offense, aggravated sex offense, or sexually violent offense;
 (3) Is acquitted on or after August 1, 1997, on the grounds of mental disease or defect for a sex offense, aggravated sex offense, or sexually violent offense;
 (4) Is serving a commitment as a result of an acquittal on or after August 1, 1997, on the grounds of mental disease or defect for a sex offense, aggravated sex offense, or sexually violent offense; or
 (5) Was required to be registered under the Habitual Child Sex Offender Registration Act, former § 12-12-901 et seq.
(Emphasis added).
I hope the foregoing is helpful in addressing the issue.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve. Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 989 of 1997 is the "Sex Offender Registration Act of 1997," codified at A.C.A. §§ 12-12-901 — 923 (Repl. 2003 and Supp. 2007).Act 989 of 1987 is a special act addressing the authority of the Eighteenth Judicial District to employ a "grand jury stenographer." I assume your question has reference to the former act.